# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>A.K. SCRIBNER, WARDEN<br><br>　　　　Respondent.<br>_____/ | CV F   05-0310 AWI DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　Petitioner filed the instant petition for writ of habeas corpus on March 2, 2005.  Petitioner challenges the handling of his inmate grievances concerning the conditions of his confinement at Wasco State Prison.

**DISCUSSION**

　　Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each Petition for Writ of Habeas Corpus.  The Court must dismiss a Petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing  2254 Cases; <u>see</u>, <u>also</u>, <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).  In the instant case, the Court finds that the Petition does not allege grounds cognizable in a federal habeas corpus action.

///

A federal court may only grant a Petition for Writ of Habeas Corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." <u>Crawford v. Bell</u>, 599 F.2d 890, 891 (9th Cir. 1979) *citing*, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484-86 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Petitioner's allegations, however, do not make such attacks. Petitioner merely contends that prison officials failed to adequately process and/or respond to his inmate grievances. Thus, his assertions are not a direct challenge to fact or duration of his overall confinement, but rather to the conditions of his confinement. As such, the claims are not appropriate for habeas corpus review. Challenges to the conditions of confinement are more appropriately raised in a civil rights action filed pursuant to 42 U.S.C. § 1983. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991); <u>Crawford v. Bell</u>, 599 F.2d at 891-92 (9th Cir. 1979).

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as the Petition raises claims not cognizable in a federal habeas corpus action.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are

///
///
///

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3      IT IS SO ORDERED.
4  **Dated:   May 19, 2005**                                   /s/ Dennis L. Beck
   3b142a                                                  UNITED STATES MAGISTRATE JUDGE